UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18cv61413

SANDRO RIGO,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.          **COMPLAINT – CLASS ACTION**

TRANSWORLD SYSTEMS, INC.,

    Defendants.

_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

On behalf of the putative class, Plaintiff SANDRO RIGO ("Plaintiff"), seeks redress for the unlawful conduct of Defendant TRANSWORLD SYSTEMS, INC. ("Defendant"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Florida Statute § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to Florida consumers, whereby such letters violate § 1692e, § 1692f of the FDCPA and §559.72(9) of the FCCPA.

## INTRODUCTION

1.    The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. The FCCPA "is a Florida state analogue to the federal FDCPA, and both statutes are intended to eliminate abusive practices used by debt collectors." Garrison v. Caliber Home Loans, Inc., 2017 WL 89001, at *1 (M.D. Fla. Jan. 10, 2017) (*citing* 15 U.S.C. § 1692a(6) & Fla. Stat. § 579.72); *quoting* Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 836 (11th Cir. 2010)).

4. The Florida Legislature enacted the FCCPA to "further define[] and protect[] an individual's right of privacy." Fla. Stat. §559.552. The FCCPA operates to overlap and expand the FDCPA, and "any discrepancy between the [FDCPA and FCCPA] should be construed as to provide the consumer (or debtor) the greatest protection." Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (citing Fla. Stat. §559.552.)).

5. As set forth in more detail below, Defendant has dispatched thousands of unlawful collection letters to Florida consumers in an attempt to collect a debt, and as a result thereof, Defendant has unlawfully and deceptively sought to collect statutorily time-barred debts. Accordingly, Plaintiff, on behalf of the putative class, seeks statutory damages under the FDCPA and FCCPA over the punitive class timeframe set forth herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

7. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

8. Plaintiff seeks damages which when aggregated among a proposed class numbering in the thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA")

9. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within this District.

## DEMAND FOR JURY TRIAL

10. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

11. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

12. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

13. Defendant is a California Corporation, with its principal place of business located in Fort Washington, PA.

14. Defendant is a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

15. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

16. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## **FACTUAL ALLEGATIONS**

17. The debt at issue (the "Consumer Debt") is the amount Plaintiff allegedly owes the current creditor.

18. The original creditor of the Consumer Debt is believed to be First Bank of Delaware (the "Original Creditor").

19. The current creditor of the Consumer Debt is Jefferson Capital Systems, LLC (the "Current Creditor").

20. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

21. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

22. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

23. On or about March 20, 2018, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

24. The Consumer Debt is a time-barred debt. *See* Fla. Stat. §95.11.

25. Florida law prohibits Defendant from commencing any legal action to collect the Consumer Debt from Plaintiff. Id.

26. The Collection Letter states that the "Current Balance" of the Consumer Debt is $1,763.54. *See* Collection Letter.

27. Defendant could lawfully sue to collect the otherwise statutorily time-barred Consumer Debt from Plaintiff if Plaintiff were to make any payment towards the debt or even agreed to make any payments.

28. The Collection Letter does not advise Plaintiff that Consumer Debt **is in fact time-barred** or that making a payment towards the Consumer Debt **will** revive the statute of limitations.

29. The Collection Letter does not advise Plaintiff that if Plaintiff were to agree to any payment arrangements or enter any repayment agreement, the current-creditor or any subsequent owner of the debt could then sue Plaintiff for the full amount of the Consumer Debt that was previously time-barred.

30. As discussed in more detail below, Defendant's false, deceptive, misleading and abusive tactics to collect on time-barred debts violate several provisions of the FDCPA and FCCPA.

## CLASS ACTION ALLEGATIONS

31. This action is brought on behalf of the following class, *to wit*, the "**Time-barred Debt Class**."

32. The "**Time-barred Debt Class**" consists of:

(i) all persons with Florida addresses (ii) who were sent a letter (iii) between June 21, 2017 and June 21, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant was not the original-creditor, (vii) whereby the involved debt was time-barred and (vii) Defendant failed to disclose the fact of the time-barred nature of the debt and/or that payment towards the debt could revive the applicable statute of limitations.

33. Plaintiff alleges on information and belief that the Time-barred Debt Class is so numerous that joinder of all members is impracticable because Defendant has dispatched

thousands of identical dunning letters to addresses in Florida attempting to collect time-barred consumer debts.

A. *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

34. Common questions of law and fact exist as to the class and predominate over any issues involving only individual class members.

35. With respect to the **Time-barred Debt Class**:

   a. The *factual issues common* to the class are whether members received a collection letter from Defendant, in an attempt to collect a time-barred consumer debt, within the class period; and

   b. The *principal legal issue* of the class is whether Defendant violated 15 U.S.C. § 1692e, § 1692f and/or Fla. Stat. §559.72(9) by attempting to collect a time-barred debt in the manner in which Defendant implemented.

36. Excluded from each class is Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B. *TYPICALITY*

37. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C. *ADEQUACY*

38. Plaintiff is an adequate representative of the proposed class.

39. Plaintiff will fairly and adequately protect the interests of the class.

40. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, and consumer-based class actions. Neither Plaintiff nor

Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

D.  *PREDOMINANCE AND SUPERIORITY*

41. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (a)  The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (b)  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

*COUNT I.*
**VIOLATION OF 15 U.S.C. § 1692e and § 1692f**

43. On behalf of the Time-barred Debt Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

44. Defendant violated § 1692e and 1692f of the FDCPA because the Collection Letter received by Plaintiff, in light of the least sophisticated consumer standard, was deceptive, misleading, unfair, and an unconscionable attempt to collect a time-barred debt.

45. First, the Collection Letter *does not* inform the least sophisticated consumer that the Current Creditor (or anyone else) absolutely **cannot** sue Plaintiff to collect the time-barred Consumer Debt. As the 6th Circuit held:

> *The other problem with the letter is that an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. Not true: Some payment is worse than no payment. The general rule in [this state] is that partial payment restarts the statute-of-limitations clock, giving the creditor a new opportunity to sue for the full debt. As a result, paying anything less than the settlement offer exposes a debtor to substantial new risk.*

Buchanan v. Northland Group, Inc., 776 F.3d 393, 399 (6th Cir. 2015)

46. The Collection Letter *does not* inform the least sophisticated consumer that if the consumer made, or even agreed to make, a payment towards the underlying debt, the consumer would restart the clock on the long-expired statute of limitations, in effect brining a long-dead debt back to life. Smothers v. Midland Credit Mgmt., Inc., 2016 WL 7485686, at *5 (D. Kan. Dec. 29, 2016) ("The least sophisticated consumer most certainly would not be aware that making a payment could make the debt judicially enforceable again . . . . Explaining to the consumer all of the benefits she will receive by making payments on a stale debt, while neglecting to address [] law that would make the debt judicially enforceable again, is a misrepresentation of the character and legal status of the debt under the FDCPA. The court determines as a matter of law that defendant violated the FDCPA by sending the letter to plaintiff.").

47. Further, Defendant builds upon its deceptive scheme by nefariously soliciting a payment by Plaintiff to resolve the unenforceable alleged debt. In fact, any potential payment made by Plaintiff only accomplished *one* thing – it *saves* the Consumer Debt *from remaining dead, in that, it saves the debt from remaining barred by the statute of limitations*. McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1021 (7th Cir. 2014) (addressing a letter that offered to "settle" a

debt and stating, "The fact that both [] letters contained an offer of settlement makes things worse, not better, since a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount. That is why those offers only reinforced the misleading impression that the debt was legally enforceable.").

48. In a recent decision, the Seventh Circuit issued its decision in Pantoja v. Portfolio Recovery Assocs., LLC, 2017 WL 1160902 (7th Cir. Mar. 29, 2017)[1] whereby the court directly addressed the same issue which Plaintiff now raises before this Court in search of relief. In relevant part, the Pantoja court encapsulated the matter before it as follows:

> *The point of controversy here concerns efforts to collect consumer debts on which the statute of limitations has expired when the effort does not involve filing or threatening a lawsuit. Compare McMahon v. LVNV Funding, LLC, 744 F.3d at 1020 (7th Cir. 2014) (dunning letters offering to "settle" time-barred debts could violate Act by leading debtors to believe the debts were legally enforceable); Daugherty v. Convergent Outsourcing, Inc., 836 F.3d 507, 509 (5th Cir. 2016) (effort to collect is not automatically unlawful, but letter violates FDCPA if it could lead unsophisticated consumer to believe her time-barred debt is legally enforceable); and Buchanan v. Northland Group, Inc., 776 F.3d 393, 397 (6th Cir. 2015) (reversing dismissal on pleadings; offer to settle time-barred debt could violate Act by failing to disclose that suit would be time-barred or that partial payment would remove statute of limitations bar), with Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 33 (3d Cir. 2011) (holding that attempt to collect a time-barred debt was permissible if litigation not threatened), and Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767, 771 (8th Cir. 2001) (same)*

Pantoja, 2017 WL 1160902 at *2. In addressing said issue, the Seventh Circuit – without provocation – opined that "the opportunities for mischief and deception, particularly when sophisticated parties aim carefully crafted messages at unsophisticated consumers, may well be so great that the better approach is simply to find that any such efforts [to collect time-barred debts]

---

[1] cert. denied, 17-255, 2018 WL 410911 (U.S. Jan. 16, 2018).

violate the FDCPA's prohibitions on deceptive or misleading means to collect debts, § 1692e, and on 'unfair or unconscionable means' to attempt to collect debts, § 1692f." Id. at 3.

49. Further, the Middle District of Florida, in Baez v. LTD Fin. Services, L.P., certified a class comprised of all Florida persons who received a collection letter from defendant which sought payment of a time-barred debt without disclosing that making a payment would revive the debt under Florida law, thus subjecting the class member to legal action to enforce the full amount of the debt. *See* 2016 WL 3189133, at *2 (M.D. Fla. June 8, 2016); *see also* Id. (entering Final Judgment against the defendant, whereby the class was to recover $49,000 in statutory damages for the deceptive collection letter which the defendant dispatched to class, consistent with the class definition).

50. Shifting back to Pantoja, the Seventh Circuit, after having served both the facts and law, affirmed the district court's summary judgment for the plaintiff, stating:

> *We agree with the district court's two reasons for finding that the dunning letter here was deceptive. First, the letter does not even hint, let alone make clear to the recipient, that if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations. Second, the letter did not make clear to the recipient that the law prohibits the collector from suing to collect this old debt. Either is sufficient reason to affirm summary judgment for the plaintiff.*

Pantoja, 2017 WL 1160902 at *2

51. Accordingly, Defendant violated § 1692e and 1692f of the FDCPA by failing to sufficiently inform the least sophisticated consumer that the Consumer Debt was *absolutely* time-barred, and by failing inform the least sophisticated consumer that the Consumer Debt would be revived if the consumer agreed to any sort of settlement or made a payment towards the debt, as Defendant invites Plaintiff to do in the Collection Letter.

WHEREFORE, Plaintiff, individually and on behalf of the Time-barred Debt Class, request that the Court enter judgment in favor of Plaintiff and the Time-barred Debt Class and against Defendant for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3) Such other or further relief as the Court deems proper.

## *COUNT II.*
## VIOLATIONS OF § 559.72 THE FCCPA

56. On behalf of the Time-Barred Debt Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

57. Defendant violated Fla. Stat. §559.72(9) by knowingly making false assertions regarding Plaintiff's legal rights with regards to the Consumer Debt.

58. As set forth in more detail above, the Consumer Debt is a debt governed by the FDCPA, and thus, to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA – in particular – sections 1692e and 1692f. As set forth in more detail above, Defendant violated §§ 1692e and 1692f. Here, Defendant knew that it was omitting material information to Plaintiff regarding the revival of the Consumer Debts' legal enforceability. Such omissions were intentional and to the great detriment of class members as the omission was a ploy designed to increase the collection rate of Defendant's accounts that are beyond the statute of limitations.

59. As discovery will show, Defendant knew fully-well that the Consumer Debt is time-barred by the applicable statute of limitations; Defendant could have simply stated this fact as

many debt collectors unequivocally state in their collection letters when collecting time-barred debt. Instead, Defendant chose to intentionally mislead consumers by totally omitting this material point to the detriment of Plaintiff and members of the class in order to attempt to increase its bottom-line.

WHEREFORE, Plaintiff, individually and on behalf of the Time-Barred Debt Class, request that the Court enter judgment in favor of Plaintiff and the Time-Barred Debt Class and against Defendant for:

(1) Statutory damages, as provided under Fla. Stat. § 559.77(2) of the FCCPA;

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(3) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(4) Such other or further relief as the Court deems proper.

DATED: June 22, 2018

Respectfully Submitted,

 /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*